UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| CRESCENT RESOURCES, LLC, et al., | § | Case No. 09-11507-cag |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| CRESCENT RESOURCES LITIGATION TRUST, by and through Dan Bensimon, Trustee, | § § § | |
| Plaintiff, | § | ADVERSARY NO. |
| v. | § | |
| | § | |
| S&ME, INC., | § | |
| Defendant. | § | |

## COMPLAINT FOR AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS

TO THE HONORABLE CRAIG A. GARGOTTA, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW DAN BENSIMON, Trustee of the Crescent Resources Litigation Trust (the "Litigation Trustee") of Crescent Resources, LLC, its parent Crescent Holdings, LLC, their affiliated debtors and reorganized debtors[1] (collectively, the "Reorganized Debtors", "Crescent", or the "Debtors", as applicable) and files this *Complaint for Avoidance and Recovery of Avoidable Transfers* and in support hereof would respectfully show the Court as follows:

---

[1] A list of the Debtors in these chapter 11 cases is attached hereto as Exhibit A. As discussed herein, on May 24, 2010, the Court entered a confirmation order, confirming a plan of reorganization for all Debtors in the above-captioned Chapter 11 cases except Rim Golf Investors, LLC; Hampton Ridge Developers, LLC; Club Villas Developers, LLC; Brooksville East Developers, LLC; Hawk's Haven Developers, LLC; and Hawk's Haven Golf Course Community Developers, LLC (collectively, the "Remaining Debtors"). On December 20, 2010, the Court entered a confirmation order, confirming a plan of reorganization for Hampton Ridge Developers, LLC; Club Villas Developers, LLC; Brooksville East Developers, LLC; Hawk's Haven Developers, LLC; and Hawk's Haven Golf Course Community Developers, LLC.

## PARTIES

### A. Plaintiff

1. Dan Bensimon, Trustee of the Crescent Resources Litigation Trust ("Plaintiff" or "Litigation Trustee") is the Litigation Trustee of the Crescent Resources Litigation Trust established pursuant to the confirmed Plan in the above referenced cases and the Plaintiff herein.

### B. Defendant

2. Defendant is S&ME, Inc.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 105. This is a core proceeding under 28 U.S.C. § 157(b)(2) (A), (E), (F), and (O).

## PROCEDURAL BACKGROUND

4. On June 10, 2009 (the "Commencement Date"), each of the Debtors filed a voluntary case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). By Order of the Court, the Debtors' Chapter 11 cases were consolidated for procedural purposes only and were jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

## CONFIRMATIONS AND THE LITIGATION TRUST

5. On March 31, 2010, the Debtors, other than Rim Golf Investors, LLC, filed the Debtors' Revised Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan") [Dkt. No. 880]. On May 24, 2010, the Court entered an order confirming Debtors' Second Amended Joint Plan of Reorganization, as modified [Dkt. No. 1069] (the "Confirmation Order") as to the Debtors other than the Remaining Debtors. Debtors' Revised Second Amended Joint Amended Plan of Reorganization, as modified [Dkt. No. 1534]

for Hampton Ridge Developers, LLC; Club Villas Developers, LLC; Brooksville East Developers, LLC; Hawk's Haven Developers, LLC; and Hawk's Haven Golf Course Community Developers, LLC (the "New Reorganized Debtors' Plan") was confirmed pursuant to the court's order dated December 20, 2010. The Effective Date (as defined in the Plan) of the Plan occurred on June 9, 2010, for all Debtors except the Remaining Debtors.

6. Pursuant to Article VIII of the Plan and the Crescent Resources Litigation Trust Agreement, the Crescent Resources Litigation Trust was created on the Effective Date of the Plan and the Litigation Trust Assets[2] were transferred to the Litigation Trust. Thereafter, the Litigation Trust Board elected Dan Bensimon to serve as Litigation Trustee. Pursuant to the terms of the Plan, the Litigation Trustee is authorized to liquidate the Litigation Trust Assets. The New Reorganized Debtors agreed to be bound by the Crescent Resources Litigation Trust Agreement pursuant to the New Reorganized Debtors' Plan.

**FACTS**

7. Prior to the Petition Date, the Defendant received one or more transfers (the "Transfer" or "Transfers") including, but not necessarily limited to those detailed in Exhibit B, which are at issue in this case. Exhibit B identifies among other things, the check or wire number for each of the Transfers, the check payment date, the wire date and/or the clear date for each of the Transfers, the check or wire amount for each of the Transfers, and, where appropriate, the invoice number, date and amount relating to each of the Transfers. Each of the Transfers listed on Exhibit B was made from a Bank of America ("BOA") bank account that was property of the Debtor or one of the Debtors.

---

[2] The Litigation Trust assets include, but are not limited to, those causes of action arising under Chapter 5 of the Bankruptcy Code including those actions which could be brought by the Debtors under §§ 544, 547, 548, 549, 550 and 551.

8. The Debtor or Debtors listed on the attached Exhibit B made the Transfers to the Defendant on or within ninety (90) days prior to the Petition Date.

9 Prior to and after the filing of the petitions, the Debtors, in the ordinary course of business, used a pre-petition Cash Management system[3], which is similar to systems used by other large business enterprises. Crescent Resources maintained the primary pre-petition operating accounts used in the Debtors' and their subsidiaries' operations. Most of the Debtors used the Crescent Resources primary accounts for deposits and disbursements. Certain Debtors used their own stand-alone accounts for deposits and disbursements. From time to time, funds were transferred by Crescent Resources to these accounts, and excess capital was sent from these accounts to Crescent Resources as distributions. All of the primary bank accounts were held at BOA.[4]

10. Expenses of the Debtors were paid from one of four primary sources: (i) the Crescent Resources Deposit Account, (ii) a Crescent Resources disbursement account held at BOA (the "Crescent Resources Disbursement Account"), (iii) a LandMar Group deposit account held at BOA (the "LandMar Deposit Account), or (iv) a LandMar Group disbursement account held at BOA (the "LandMar Disbursement Account"). Expenses not paid from one of the primary accounts were paid by subsidiaries directly from the stand-alone accounts held at BOA. The Cash Manager at Crescent Resources oversaw the four primary accounts. Each day, the Cash Manager determined the upcoming payables to be funded from these accounts. Payables were paid via a wire transfer or wired directly out of the Crescent Resources Deposit Account or the LandMar Deposit Account, as applicable. All other payables were paid by paper check issued from either the Crescent Resources Disbursement Account or the LandMar Disbursement

---

[3] See Docket No. 15.
[4] According to information provided by the Debtors, all accounts not held at BOA were generally petty cash accounts.

Account for checks issued in the name of Crescent Resources or LandMar Group, respectively. Amounts paid from the Crescent Resources Disbursement Account and LandMar Disbursement Account were pre-funded prior to such checks being issued. The Debtors associated with the stand-alone accounts paid their expenses with checks issued from one of their BOA checking accounts.

11. The Debtor or Debtors listed on the attached Exhibit B made the Transfers to the Defendant on or within ninety (90) days prior to the Petition Date.

## FACTS RELATING TO INSOLVENCY

12. For purposes of this preference action, the Debtor(s) is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition. 11 U.S.C. §547(f).

13. Plaintiff asserts that the schedules and Statements of Financial Affairs filed by each of the Debtors herein provide further evidence of insolvency. Each of the debtors was liable for the indebtedness owed to Bank of America, Agent, in the amount of $1,495,168,000.00 beginning in September 2006 ("the Corporate Credit Facility"). Substantially all of the assets of each of the debtors were encumbered with deeds of trust which secured the Corporate Credit Facility.

14. The Debtors' schedules, as well as the Plan and Disclosure Statement filed by the debtors, reflected that the Debtors were deeply insolvent at all times relevant to this complaint.

15. In addition, according to the declaration of Debtors' chief financial officer[5] and the information provided in Debtors' schedules, Statements of Financial Affairs and Disclosure Statement, the Debtors were 'insolvent' under a number of tests. First, they were left with unreasonably small capital to operate their business. Second, they were unable to pay their debts

---

[5] See Docket No. 22.

when they became due. Third, they were rendered insolvent because their post-transaction liabilities exceeded their post-transaction assets at a fair valuation.

## CAUSES OF ACTION

### Avoidance and Recovery of Preferential Transfer
### Under 11 U.S.C. § 547 and § 550

16.　Plaintiff repeats and re-alleges each and every allegation in Paragraphs 1 through 15 as if fully set forth herein.

17.　This is an action by Plaintiff against Defendant to avoid and recover preferential transfers made to or for the benefit of Defendant pursuant to 11 U.S.C. §§ 547(b) and 550(a).

18.　The Transfer(s) amount to a "Transfer" as that term is defined under 11 U.S.C. § 101(54).

19.　The Transfers were made:

   a.　to or for the benefit of the Defendant, who at all relevant times was a creditor of the Debtor who made the particular Transfer;

   b.　for or on account of an antecedent debt owed by the particular Debtor to the Defendant before such Transfers were made;

   c.　while the Debtor was insolvent; and

   d.　on or within 90 days before the date of the filing of the petition.

20.　The Transfers to the Defendant enabled the Defendant to receive more than it would have received if:

   a.　this case were a case under Chapter 7 of the Bankruptcy Code;

   b.　the Transfers had not been made; and

   c.　the Defendant received a payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

21.     The Trustee seeks avoidance of the Transfer(s) that occurred within ninety (90) days of the Petition Date pursuant to 11 U.S.C. § 547(b) and seeks an accounting and turnover to Plaintiff of the property transferred or recovery of its equivalent value pursuant to 11 U.S.C. § 550(a).

## Count 2 - Avoidance and Recovery of Fraudulent Transfer
## Under 11 U.S.C. §§ 548 and 550

22.     Plaintiff repeats and re-alleges each and every allegation in Paragraphs 1 through 15 as if fully set forth herein.

23.     To the extent that the Transfer(s) were made by Crescent Resources, LLC to the Defendant and there was no antecedent debt, Plaintiff asserts that the Transfer(s) or the value thereof is recoverable under 11 U.S.C. §§ 548 and 550.

24.     The Transfer(s) amounts to a "Transfer" as that term is defined under 11 U.S.C. § 101(54).

25.     As shown on Exhibit "B", some or all of Transfer(s) occurred within two years of the Petition Date.

26.     The Debtor or Debtors identified on Exhibit B received less than the reasonable equivalent value in exchange for the Transfer(s).

27.     The Debtor or Debtors identified on Exhibit B was insolvent on the date of the Transfer(s) or became insolvent as a result of the Transfer(s) or the relevant Debtor was engaged or about to engage in a business or transaction that would leave the relevant Debtor with unreasonably small capital or the relevant Debtor intended to incur or believed it would incur debts beyond its ability to pay as they matured.

28. The Plaintiff seeks avoidance of the Transfer(s) that occurred within two years of the Petition Date pursuant to 11 U.S.C. § 548 and seeks an accounting and turnover to Plaintiff of the property transferred or its equivalent value pursuant to 11 U.S.C. § 550.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Dan Bensimon, Litigation Trustee and Plaintiff, prays for the entry of judgment against the Defendant: (i) avoiding the Transfers to the Defendant pursuant to 11 U.S.C. § 547(b) or § 548; (ii) awarding a money judgment to Plaintiff in an amount equal to the amount of the Transfers pursuant to 11 U.S.C. § 550(a); (iii) awarding costs, pre-judgment and post-judgment interest; (iv) disallowing any claim that the Defendant may have against the Debtors' bankruptcy estates until such time as the Defendant pays the Transfers asserted herein as provided in 11 U.S. C. § 502(d); and (v) awarding any other relief the Court deems appropriate.

Respectfully submitted,

MARTINEC, WINN, VICKERS & MCELROY, P.C.
600 Congress Avenue, Suite 500
Austin, TX 78701
(512) 476-0750/FAX (512) 476-0753
martinec@mwvmlaw.com

By:     /s/ Joseph D. Martinec
        Joseph D. Martinec
        State Bar No. 13137500
ATTORNEYS FOR DAN BENSIMON, CRESCENT
RESOURCES LITIGATION TRUSTEE, PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Complaint for Avoidance and Recovery of Avoidable Transfers* has been sent by first class mail, postage prepaid, unless otherwise indicated below, on this 11th day of May, 2011, to the following:

Dan Bensimon
5810 Tom Wooten Drive
Austin, TX 78731

U.S. Trustee
903 San Jacinto Blvd., Room 230
Austin, TX 78701

/s/ Joseph D. Martinec
Joseph D. Martinec

## EXHIBIT A - LIST OF DEBTORS
### Crescent Resources, LLC - 09-11507 (Jointly Administered – Lead Case)

| Number | Related Debtors | Case Number |
|---|---|---|
| 1 | 223 Developers, LLC | 09-11513 |
| 2 | 1780, LLC | 09-11510 |
| 3 | Ballantyne Properties, LLC | 09-11516 |
| 4 | Bartram Crescent Development, LLC | 09-11520 |
| 5 | Black Forest on Lake James, LLC | 09-11526 |
| 6 | Bridgewater Lakeland Developers, LLC | 09-11529 |
| 7 | Brooksville East Developers, LLC | 09-11534 |
| 8 | Camp Lake James, LLC | 09-11537 |
| 9 | Carolina Centers LLC (NC) | 09-11542 |
| 10 | Carolina Centers, LLC (DE) | 09-11552 |
| 11 | Chapel Cove at Glengate, LLC | 09-11563 |
| 12 | Citall Development, LLC | 09-11566 |
| 13 | Chaparral Pines Investors, LLC | 09-11549 |
| 14 | Chaparral Pines Management, LLC | 09-11556 |
| 15 | Clean Water of NC, LLC | 09-11569 |
| 16 | CLT Development, LLC | 09-11572 |
| 17 | Club Capital, LLC | 09-11575 |
| 18 | Club Enterprises, LLC | 09-11577 |
| 19 | Club Villas Developers, LLC | 09-11585 |
| 20 | Colbert Lane Commercial, LLC | 09-11589 |
| 21 | Cornerstone Plaza, LLC | 09-11505 |
| 22 | Crescent 210 Barton Springs, LLC | 09-11504 |
| 23 | Crescent Communities N.C., LLC | 09-11591 |
| 24 | Crescent Communities Realty, LLC | 09-11595 |
| 25 | Crescent Communities S.C., LLC | 09-11598 |
| 26 | Crescent Holdings, LLC | 09-11506 |
| 27 | Crescent Lakeway Management, LLC | 09-11607 |
| 28 | Crescent Lakeway, LLC | 09-11604 |
| 29 | Crescent Land & Timber, LLC | 09-11611 |
| 30 | Crescent Multifamily Construction, LLC | 09-11597 |
| 31 | Crescent Potomac Properties, LLC | 09-11603 |
| 32 | Crescent Potomac Yard Development, LLC | 09-11606 |
| 33 | Crescent Potomac Yard, LLC | 09-11609 |
| 34 | Crescent Realty Advisors, LLC | 09-11610 |
| 35 | Crescent Realty, LLC | 09-11612 |
| 36 | Crescent Resources, LLC | 09-11507 |
| 37 | Crescent River, LLC | 09-11614 |
| 38 | Crescent Rough Hollow, LLC | 09-11616 |
| 39 | Crescent Southeast Club, LLC | 09-11512 |
| 40 | Crescent Twin Creeks, LLC | 09-11515 |
| 41 | Crescent Yacht Club, LLC | 09-11620 |
| 42 | Crescent/Arizona, LLC | 09-11524 |
| 43 | Crescent/Florida, LLC | 09-11528 |
| 44 | Crescent/Georgia, LLC | 09-11531 |
| 45 | Crescent Potomac Greens, LLC | 09-11600 |
| 46 | Crescent Potomac Plaza, LLC | 09-11602 |
| 47 | Crescent/RGI Capital, LLC | 09-11532 |
| 48 | Crescent Seminole, LLC | 09-11618 |
| 49 | Falls Cove Development, LLC | 09-11535 |
| 50 | FP Real Estate One, L.L.C. | 09-11539 |
| 51 | Grand Haven Developers, LLC | 09-11541 |
| 52 | Grand Woods Developers, LLC | 09-11544 |
| 53 | Green Fields Investments, LLC | 09-11547 |
| 54 | Gulf Shores Waterway Development, LLC | 09-11550 |
| 55 | Hammock Bay Crescent, LLC | 09-11553 |
| 56 | Hampton Lakes, LLC | 09-11555 |
| 57 | Hampton Ridge Developers, LLC | 09-11558 |
| 58 | Hawk's Haven Developers, LLC | 09-11560 |
| 59 | Hawk's Haven Golf Course Com Dev, LLC | 09-11562 |
| 60 | Hawk's Haven Joint Development, LLC | 09-11624 |
| 61 | Hawk's Haven Sponsor, LLC | 09-11567 |
| 62 | Headwaters Development Limited Prtnrship | 09-11570 |
| 63 | Hidden Lake Crescent, LLC | 09-11623 |
| 64 | Joint Facilities Management, LLC | 09-11579 |
| 65 | Lake George Developers, LLC | 09-11581 |
| 66 | LandMar Group, LLC | 09-11584 |
| 67 | LandMar Management, LLC | 09-11587 |
| 68 | Lighthouse Harbor Developers, LLC | 09-11594 |
| 69 | May River Forest, LLC | 09-11596 |
| 70 | May River Golf Club, LLC | 09-11599 |
| 71 | McNinch-Hill Investments, LLC | 09-11601 |
| 72 | Milford Estates, LLC | 09-11605 |
| 73 | New Riverside, LLC | 09-11625 |
| 74 | Nine Corporate Centre Holding Co., LLC | 09-11608 |
| 75 | North Bank Developers, LLC | 09-11613 |
| 76 | North Hampton, LLC | 09-11615 |
| 77 | North River, LLC | 09-11617 |
| 78 | Old Wildlife Club, LLC | 09-11619 |
| 79 | Oldfield, LLC | 09-11621 |
| 80 | Osprey Development, LLC | 09-11622 |
| 81 | Palmetto Bluff Club, LLC | 09-11509 |
| 82 | Palmetto Bluff Development, LLC | 09-11511 |
| 83 | Palmetto Bluff Investments, LLC | 09-11514 |
| 84 | Palmetto Bluff Lodge, LLC | 09-11517 |
| 85 | Palmetto Bluff Real Estate Company, LLC | 09-11518 |
| 86 | Palmetto Bluff Uplands, LLC | 09-11519 |
| 87 | Panama City Development, LLC | 09-11521 |
| 88 | Park/Marsh, LLC | 09-11574 |
| 89 | Parkside Development, LLC | 09-11522 |
| 90 | Piedmont Row Development, LLC | 09-11523 |
| 91 | Portland Group, LLC | 09-11525 |
| 92 | Rim Golf Investors, LLC | 09-11527 |
| 93 | River Paradise, LLC | 09-11530 |
| 94 | Roberts Road, LLC | 09-11533 |
| 95 | Sailview Properties, LLC | 09-11536 |
| 96 | Seddon Place Development, LLC | 09-11538 |
| 97 | Springfield Crescent, LLC | 09-11540 |
| 98 | StoneWater Bay Properties, LLC | 09-11543 |
| 99 | Stratford on Howard Development, LLC | 09-11545 |
| 100 | Sugarloaf Country Club, LLC | 09-11546 |
| 101 | Sugarloaf Properties, LLC | 09-11548 |
| 102 | Sugarloaf Realty, LLC | 09-11551 |
| 103 | The Farms, LLC | 09-11554 |
| 104 | The Oldfield Realty Company, LLC | 09-11557 |
| 105 | The Parks of Berkeley, LLC | 09-11561 |
| 106 | The Parks at Meadowview, LLC | 09-11559 |
| 107 | The Point on Norman, LLC | 09-11564 |
| 108 | The Ranch at the Rim, LLC | 09-11565 |
| 109 | The Reserve, LLC | 09-11568 |
| 110 | The Retreat on Haw River, LLC | 09-11571 |
| 111 | The River Club Realty, LLC | 09-11573 |
| 112 | The River Country Club, LLC | 09-11576 |
| 113 | The Sanctuary at Lake Wylie, LLC | 09-11578 |
| 114 | Trout Creek Developers, LLC | 09-11580 |
| 115 | Tussahaw Development, LLC | 09-11582 |
| 116 | Twin Creeks Holdings, Ltd. | 09-11583 |
| 117 | Twin Creeks Management, LLC | 09-11586 |
| 118 | Twin Creeks Operating Co., LP | 09-11588 |
| 119 | Twin Creeks Property, Ltd. | 09-11590 |
| 120 | Two Lake Pony Farm, LLC | 09-11592 |
| 121 | Winding River, LLC | 09-11593 |

F:\CR - Litigation Trust\Preferences\Exhibit A - List of Debtors.doc

| Debtor | Vendor name | Invoice number | Invoice amount | Invoice date | Payment amount | Check or wire number | Payment date | Bank clear date |
|---|---|---|---|---|---|---|---|---|
| Crescent Resources, LLC | S&ME, INC. | 353305.00000 | $ 679.30 | 11/11/2008 | $ 679.30 | 49580 | 4/14/2009 | 4/30/2009 |
| Crescent Resources, LLC | S&ME, INC. | 354366.00000 | $ 850.00 | 12/8/2008 | $ 850.00 | 49033 | 3/16/2009 | 3/31/2009 |
| Crescent Resources, LLC | S&ME, INC. | 355140.00000 | $ 2,500.00 | 12/9/2008 | $ 2,500.00 | 49033 | 3/16/2009 | 3/31/2009 |
| Crescent Resources, LLC | S&ME, INC. | 358670.00000 | $ 7,727.10 | 1/7/2009 | $ 7,727.10 | 49186 | 3/17/2009 | 3/31/2009 |
| Crescent Resources, LLC | S&ME, INC. | 359121.00000 | $ 12,260.00 | 1/7/2009 | $ 12,260.00 | 49033 | 3/16/2009 | 3/31/2009 |
| Crescent Resources, LLC | S&ME, INC. | 362328.00000 | $ 1,487.08 | 2/3/2009 | $ 1,487.08 | 49033 | 3/16/2009 | 3/31/2009 |
| Crescent Resources, LLC | S&ME, INC. | 362452.00000 | $ 100.00 | 2/3/2009 | $ 100.00 | 50729 | 6/2/2009 | 6/2/2009 |
| Crescent Resources, LLC | S&ME, INC. | 363124.00000 | $ 1,900.00 | 2/12/2009 | $ 1,900.00 | 49033 | 3/16/2009 | 3/31/2009 |
| Crescent Resources, LLC | S&ME, INC. | 364649.00000 | $ 2,600.00 | 3/4/2009 | $ 2,600.00 | 49580 | 4/14/2009 | 4/30/2009 |
| Crescent Resources, LLC | S&ME, INC. | 364715.00000 | $ 1,350.30 | 3/4/2009 | $ 1,350.30 | 49580 | 4/14/2009 | 4/30/2009 |
| Crescent Resources, LLC | S&ME, INC. | 364733.00000 | $ 100.00 | 3/4/2009 | $ 100.00 | 50729 | 6/2/2009 | 6/2/2009 |
| Crescent Resources, LLC | S&ME, INC. | 364764.00000 | $ 100.00 | 3/4/2009 | $ 100.00 | 50729 | 6/2/2009 | 6/2/2009 |
| Crescent Resources, LLC | S&ME, INC. | 367492.00000 | $ 90.00 | 3/31/2009 | $ 90.00 | 50729 | 6/2/2009 | 6/2/2009 |
| Crescent Resources, LLC | S&ME, INC. | 367493.00000 | $ 90.00 | 3/31/2009 | $ 90.00 | 50729 | 6/2/2009 | 6/2/2009 |
| Crescent Resources, LLC | S&ME, INC. | 369879.00000 | $ 100.00 | 4/28/2009 | $ 100.00 | 50729 | 6/2/2009 | 6/2/2009 |

**S&ME, Inc.,**
**a North Carolina Corporation**
**c/o CT Corporation System, Registered Agent**
**150 Fayetteville St., Box 1011**
**Raleigh, NC 27601**

**S&ME, Inc.**
**3201 Spring Forest Rd.**
**Raleigh, NC 27616**

$ 31,933.78

EXHIBIT B - Page 1 of 1

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>CRESCENT RESOURCES LITIGATION TRUST | DEFENDANTS<br>See Attachment |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>**Martinec Winn Vickers & McElroy, P.C.**<br>**600 Congress Avenue, Ste. 500**<br>**Austin, TX 78701**<br>**(512) 476-0750** | ATTORNEYS (If Known)<br>**See Attachment** |

**PARTY** (Check One Box Only)

☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor ☑ Other
☐ Trustee

**PARTY** (Check One Box Only)

☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor ☑ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**Complaint for Avoidance and Recovery of Avoidable Transfers (11 U.S.C. §§547, 548, and 550)**

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/ Property**

☐ 11-Recovery of money/property - §542 turnover of property
[1] 12-Recovery of money/property - §547 preference
[2] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner-§363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive Relief - other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case- 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law

☐ Check if this is asserted to be a class action under FRCP 23

☐ Check if a jury trial is demanded in complaint

Demand **$** ▮ See Attachment

Other Relief Sought

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>**CRESCENT RESOURCES, LLC, et al.** | BANKRUPTCY CASE NO.<br>**09-11507-CAG** (Jointly Administered) | |
| DISTRICT IN WHICH CASE IS PENDING<br>**Western District of Texas** | DIVISIONAL OFFICE<br>**Austin Division** | NAME OF JUDGE<br>**Craig A. Gargotta** |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>**Western District of Texas** | DIVISIONAL OFFICE<br>**Austin Division** | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Joseph D. Martinec | | |
| DATE<br>5/11/2011 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | **Joseph D. Martinec**<br><br>**13137500** |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely selfexplanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

ATTACHMENT TO ADVERSARY COVER SHEET

DEFENDANT:

S&ME, Inc.,
a North Carolina Corporation
c/o CT Corporation System, Registered Agent
150 Fayetteville St., Box 1011
Raleigh, NC 27601

S&ME, Inc.
3201 Spring Forest Rd.
Raleigh, NC 27616

ATTORNEYS FOR DEFENDANT:

None Known

DEMAND:

$31,933.78